## Bickford *versus* Cooper & Co.

*Evidence under Plea of Former Recovery.—Contracts to be construed according to their Spirit and not literally.*

1. Where suit is brought for the same cause of action as that involved in former suits between the same parties, wherein a recovery has been had, the records of the former suits are admissible in evidence under the plea of "former recovery," and the plaintiff is concluded thereby.

2. Where the strict construction of a contract would work great injustice, and produce results that could not reasonably have been intended by the parties, it will be construed not by its literal terms, but according to its spirit and meaning.

3. B., by a written instrument, agreed to transfer to C. & Co. all his claims in a contract with L. for the timber on certain lands; also a contract between him and P. for the manufacture of staves from the timber, C. & Co. agreeing to pay $2000 for the contracts; also all his rights under agreements with other parties, stipulating for the points where the staves were to be delivered, and concluding with the promise of C. & Co. to pay him $20 per M. for the staves. After the timber was exhausted on the land of L., B. brought suit and recovered for all the staves at the rate of $20 per M. He then again brought suit for the $2000 as an entirety, in which the defendants successfully plead in bar the "former recovery:" on writ of error it was *held:* That the instrument must be construed in the alternative, as either an agreement to pay $2000 for the contracts, *or* at the rate of $20 per M. for the staves made under them, and that the plaintiff having elected the latter and enforced it by suit, could not again recover for the contracts thereby transferred; and that the cause of action being the same substantially, the plea of "former recovery" in the pending action was an absolute bar.

ERROR to the Common Pleas of *Cambria county.*

This was an action on the case upon promises brought to December Term 1857, by Eri Bickford against William M. Cooper, James Cooper, and Henry Pierce, partners doing business as William M. Cooper & Co.

On the trial the plaintiff gave in evidence the following contract :—

"Articles of agreement, entered into this eighth day of May 1856, between Eri Bickford, of Cambria county, in the state of Pennsylvania, of the first part, and William M. Cooper & Co., of the city of Philadelphia, of the second part. The said Eri Bickford agrees to relinquish all claims in a certain contract made between him and one G. L. Lloyd, for a certain lot of timber owned by the said G. L. Lloyd, as per contract made between the said Bickford and G. L. Lloyd; and the said Eri Bickford also transfers to the said William M. Cooper & Co. a certain contract made between Eri Bickford and one John G. Pringle, for the furnishing of staves from said timber, the said William M. Cooper & Co. to pay to the said Eri Bickford the sum of $2000 for said contracts, as the timber may be made up into shucks or sent to market, that the money may be realized therefrom. The said Eri Bickford relinquishes unto the said William

[Bickford v. Cooper & Co.]

M. Cooper & Co. all claims and articles of agreement made by said Bickford to or with other parties, with the exception of his shop at the South Fork; the shops at Wilmore, Summerhill, and Nineveh Stations to come to the said William M. Cooper & Co.; the said Bickford is to deliver at the above-named shops all contracts for staves he having made previous to the above date, all contracts hereafter to be made by William M. Cooper & Co. with any other parties; the said William M. Cooper & Co. is to pay to the said Eri Bickford the sum of $20 per thousand for the staves delivered at the shops above named, or staves to be delivered by contract; the said William M. Cooper & Co. bind themselves unto the said Eri Bickford to pay to him the amount specified, as the staves may be made up into shucks, or sooner, as the parties may hereafter agree; the said William M. Cooper & Co. to work on the stock purchased of said Eri Bickford till said Bickford is paid for the same; the said Cooper & Co. is to take possession of the shops, and to pay to the said Bickford a fair and just valuation for tools, ropes, &c., in said shops.

 · (Signed)      "Eri Bickford,
          "William M. Cooper & Co."

Contract between Pringle and Bickford :—

"This agreement, made January 12th 1856, between John G. Pringle and Eri Bickford, both of Cambria county, Pennsylvania, witnesseth, That for the consideration hereafter mentioned, the said John G. Pringle hereby agrees to make for the said Bickford, on the land of Gilbert L. Lloyd, in Blair county, three hundred thousand staves of red and white oak timber—twelve hundred staves to be counted one thousand. The said three hundred thousand to be made by the 1st of June, A. D. 1857, and cobbed on the ground as they are made. The said staves are to be forty-five inches long, not less than three inches nor more than six inches wide, to average four and a half inches wide, and one inch thick at each end, and not less than three-quarters of an inch in the middle; to be subject to the inspection of the said Bickford.

"In consideration whereof the said Bickford covenants and agrees to pay the said Pringle, at the rate of $6 for every twelve hundred staves. The said Pringle is to notify the said Bickford when he has twenty thousand staves made, at which time he is to count them and pay him for them. In witness whereof the said parties have hereunto set their hands and seals, the day and year first above written.    "John G. Pringle, [l. s.]
           "Eri Bickford.   [l. s.]
"Witness present: William H. Gardner.

"And now, to wit, January 31st 1856, we, the parties named in the foregoing agreement, do further agree as follows: That the

[Bickford *v.* Cooper & Co.]

said John G. Pringle is to make seven hundred thousand staves, instead of three hundred thousand; if there should not be timber enough on the land specified, he is to make the balance·on such land as Bickford may designate, he, Bickford, to be at the expense of moving the shops, furniture, &c., if it may be necessary to do so. It is further agreed, that the time is extended to the 1st day of September, A. D. 1857. Witness our hands and seals, the day and year first above mentioned.

"JOHN G. PRINGLE, [L. S.]
"ERI BICKFORD.    [L. S.]

"Witness present: WILLIAM H. GARDNER."

After adding some other testimony relative to the facts embraced in his case, the plaintiff rested.

The defendant then offered in evidence the record of two other actions between the same parties, brought 11th February 1857, and 16th June 1857, on the same contract, with the charge of the court in said action, in which the plaintiff had recovered $4000 for staves cut by Pringle on the land of Lloyd and John R. Crown, for the purpose of showing a former recovery for the same cause of action.

This testimony was objected to for the reason that the former actions were brought for staves delivered up to the time of bringing each suit, while the one then before the court was founded on a clause in the agreement of May 8th 1856, which stipulated for a sale of all the rights of Bickford under the Lloyd and Pringle contracts to Cooper & Co. for $2000, under the latter of which, Pringle had until September 1st 1857 to complete his agreement; and hence the action for the breach of it was suspended until that time.

The court below, (TAYLOR, P. J.) admitted the evidence, and instructed the jury on the whole case to find for defendants, on the ground of a former recovery.

There was a verdict and judgment accordingly; whereupon the plaintiff sued out this writ, and averred here that,

1. The court erred in admitting evidence of former actions between the same parties prior to the time at which the right of action accrued in this case.

2. The court erred·in admitting their charge in a former case as evidence in this one.

3. The court erred in telling the jury, "upon the whole of the evidence in the case, to find for the defendant, on the ground of the former recovery."

*R. L. Johnson,* for plaintiff in error, admitted that the staves delivered under the contract, and which were included in the former action, would be a defence *pro tanto* to plaintiff's case,

[Bickford *v.* Cooper & Co.]

but denied that his remedy was entirely cut up, or that he could be turned out of court by it, as had been done.

The action was a special one for damages for the non-performance of a contract not under seal, which accrued only three days before it was brought. The defence was not by showing performance, nor waiver of performance, nor payment, but by showing a former recovery on a declaration for goods sold and delivered. Citing Hess *v.* Heeble, 6 S. & R. 57; Sterner *v.* Gower, 3 W. & S. 143; Wilson *v.* Wilson, 9 S. & R. 429; Kane *v.* Fisher, 2 Watts 253; Hibsham *v.* Dulleban, 4 Id. 191; Morrison *v.* Becky, 6 Id. 349; Carmony *v.* Hoober, 5 Barr 305; Lentz *v.* Wallace, 5 Harris 414; Hamer *v.* Beaver, 7 Casey 60; Merch. Ins. Co. *v.* Algeo & Co., 7 Id. 448; Killion *v.* Wright, 10 Id. 91; Steelman *v.* Sites, 11 Id. 216; Finly *v.* Hanbest, 6 Id. 190; Logan *v.* Caffrey, 6 Id. 196; Buffington *v.* Cushman, 4 P. L. Jour.

*A. Kopelin* and *William Kittell.*—When the suits were brought, the records of which were received in the court below as evidence in this action, the timber suitable for staves on the Lloyd land had been exhausted, and having recovered by the thousand for these and those furnished from the Pringle tract, the plaintiff in error seeks in this suit $2000 as an entirety. The plea of former recovery was therefore proper, and the evidence received was proper in support of it: Ingraham *v.* Hall, 11 S. & R. 76; Hess *v.* Heeble, 6 Id. 57; Logan *v.* Caffrey, 6 Casey 196; Carvill *v.* Garrigues, 5 Barr 152; Brockney *v.* Kenrig, 2 Johnson 210; Miller *v.* Maurice, 6 Hill 122; Wilson *v.* Hamilton, 9 S. & R. 429.

Although the suits offered in evidence were commenced before September 1st 1857, the time limited with Pringle for the completion of his contract, they were not tried until May 25th 1858, since which time no staves were cut, and plaintiff cannot now say that his claims then made should have been rejected by the court.

The opinion of the court was delivered by

WOODWARD, J.—If the two former suits were for the same cause of action as the present, there was no error in admitting the records of those suits, and in holding the plaintiff concluded thereby.

What was the cause of action in those cases?

We learn from the charge of the court that the suits were brought to recover the value of staves, made under the same agreements that are in evidence in this case. They were actions of *indebitatus assumpsit*, and the legal defence taken was that the suits should have been upon the special contract. The court replied that if the contract had been fully executed on the part of the plaintiff, he might sue in the form adopted, for the price of the staves. The plaintiff accordingly recovered for all the

5 WR.—10

staves taken from the Lloyd lands, some 84,000, and for about 23,000 taken from the land of John R. Crum. About 1000 staves had been delivered after the institution of the last of the former suits, but it was agreed to include these in the verdict, and they were recovered for like the rest. The verdicts in the two cases amounted together to $1790.51—a sum which would seem to have been the plaintiff's full compensation for all the staves actually sold and delivered to the defendants, under the agreement of 8th May 1856. The agreement was apparently extinguished by the verdicts.

Yet the present action is founded on the same agreement. Assuredly the plaintiff does not expect to recover again for the staves delivered under that paper. What other cause of action, then, can he extract from it? It is a curiously drawn instrument. It begins by Bickford agreeing to relinquish to Cooper & Co. all claims in a contract made with G. L. Lloyd for a lot of timber on certain lands; then follows his agreement to transfer also a certain contract between him and John G. Pringle, for the manufacture of staves from said timber; then comes the agreement of Cooper & Co., to pay Bickford $2000 for said contracts. The agreement then goes on to relinquish all Bickford's rights, under agreements with other parties, and to stipulate for the points at which the staves are to be delivered, and concludes with the promise of Cooper & Co. to pay Bickford $20 per thousand for the staves, delivered at the designated points.

Now, the contract of Bickford with Lloyd was, that Bickford was to be permitted to take all the timber suitable for staves on two tracts of Lloyd's land, of 400 acres each, at the rate of $3 the thousand, and Pringle was bound by his contract to manufacture this timber into staves at $6 per thousand. The staves were thus to cost Bickford $9 per thousand. Were the defendants to pay Bickford $2000 for the Lloyd and Pringle contracts, and $20 the thousand for the staves, delivered under them? Though the tenor of the agreement of 8th May 1856 is so, it is impossible that such could have been its spirit and meaning. It is probable an alternative was intended; either a transfer of the contracts at the price mentioned, or a sale of the staves at the specified rate. If the $20 a thousand referred to staves made under other contracts, it was applied in the former suits to the staves made under the Lloyd and Pringle contracts, so that we shall do the parties no injustice by so construing their agreement as to make that rate of payment for staves manufactured by Pringle, the alternative of an assignment and transfer of the Pringle and Lloyd contracts. Had the defendants succeeded to those contracts, their staves would have cost them but $9 per thousand. But Bickford has compelled them to pay $20. How? By withholding the contracts and furnishing the staves himself.

[Bickford v. Cooper & Co.]

He has elected that alternative, and he enforced it fully in the former suits. Can he now recover for those contracts? To permit him to do so, would be to pay him first for the staves, a full outside price, and then to pay him for the timber and manufacture of the staves. The agreement so construed and administered, would charge the defendants twice with what they got. They would have good reason to complain, *in hæc fœdera non venimus*. It would indeed be a most extraordinary and unprecedented contract—too monstrous and absurd to impute to business men.

If, then, the plaintiffs cannot recover the $2000 stipulated to be paid for the Lloyd and Pringle contracts, because he retained those contracts and delivered the staves under them, the only cause of action that would accrue to him from the agreement, on which he has counted, would be the contract price of the staves, and that he recovered in the former suits. The plea of former recovery was therefore an absolute bar to this action, and the court were right in giving effect to it.

The judgment is affirmed.